ROBERT J. LEE and IMA N. LEE, ET AL., [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Lee v. Commissioner
Docket Nos. 142-75, 260-75, 261-75.
United States Tax Court
T.C. Memo 1976-265; 1976 Tax Ct. Memo LEXIS 138; 35 T.C.M. (CCH) 1157; T.C.M. (RIA) 760265; August 23, 1976, Filed F. Pen Cosby, for the petitioners in docket No. 142-75. Stephen K. Miller, for the petitioners in docket Nos. 260-75 and 261-75. Thomas L. Kummer, for the respondent. TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: Respondent determined the following deficiencies in Federal income tax: Docket No.
1968
1970
1971
1972
142-75
$ 8,702.61
$16,817.65
$ 4,197.93
$39.70
260-75
8,680.31
17,512.00
4,295.82
0
261-75
11,245.41
1,985.19
1,170.86
37.37
*139 The issue before us is the extent to which petitioners, shareholders of an electing small business corporation, [2] were entitled to deduct their proportionate shares of such corporation's net operating losses on their individual tax returns for the years in question. These cases were submitted to the Court fully stipulated under Rule 122, Tax Court Rules of Practice and Procedure. The stipulations of fact and accompanying exhibits filed by the parties are incorporated herein by this reference. Robert J. and Ima N. Lee are husband and wife who resided in Indianapolis, Indiana, at the time of filing their petition herein and who filed joint tax returns for the years at issue. James G. and Joyce E. Hicks are husband and wife who resided in Indianapolis, Indiana, at the time of filing their petition herein and who filed joint tax returns for the years at issue. Charles H. and Peggy R. Dell are husband and wife who resided in Wheatridge, Colorado, at the time of filing their petition herein and who filed joint tax returns for the *140 years at issue. All of the petitioners' joint returns filed for the years in issue were filed with the Internal Revenue Service Center at Cincinnati, Ohio. Hereinafter any reference to petitioners shall be to the petitioner-husbands. On December 3, 1965, Indianpolis Kellering Co., Inc. (hereinafter IKC) was organized under the laws of the State of Indiana. IKC adopted a fiscal year ending November 30, and filed an election to be taxed as a small business corporation under subchapter S of the Internal Revenue Code which was in effect at all times material herein. The outstanding stock of IKC was held as follows: No. of Shares/Percent of Outstanding Stock
As of -
Lee
Hicks
Dell
Fleenor
11/30/70
100/41.67%
100/41.67%
30/12.50%
10/4.16%
11/30/71
100/33.33%
100/33/33%
90/30.00%
10/3.33%
11/30/72
100/33.33%
100/33.33%
100/33.33%
As of November 30, 1970, petitioners had invested the following amounts in IKC: Lee $500
Hicks
500
Dell
150
As of December 30, 1971, Dell had invested an additional $931 in the corporation. On the balance sheets included in its Federal tax returns for the following years, IKC listed *141 the following: Taxable year ended November 30 -
1969
1970
1971
1972
Loans from
Stockholders
0
0
0
0
Capital Stock
$1,500.00
$1,200.00
$1,500.00
$1,500.00
Capital Surplus
0
3,719.57
7,622.84
197.84
On December 28, 1967, Indianapolis Kellering Corporation (hereinafter Kellering Corporation) was organized under the laws of the State of Indiana. Kellering Corporation elected a fiscal year ending August 31. At all times material herein, petitioners were shareholders of Kellering Corporation and their proportionate ownership interests in Kellering Corporation were substantially identical to their proportionate interests in IKC. During the fiscal years ended August 31, 1969, August 31, 1970, and August 31, 1971, petitioners made advances to Kellering Corporation which were evidenced by promissory notes: Lee
Hicks
Dell
FYE 8/31/69
$47,667.00
$47,667.00
$47,667.00
FYE 8/31/70
9,625.00
9,625.00
5,725.00
FYE 8/31/71
10,000.00
10,000.00
3,775.94
On the balance sheets included in its Federal tax returns for each of these years, Kellering Corporation listed as liabilities "Loans from stockholders" *142 in the amounts of $143,001, $115,584, and $219,776, respectively. During its fiscal years ended August 31, 1970, August 31, 1971, and August 31, 1972, Kellering Corporation advanced to IKC $12,400, $54,500 and $12,000, respectively. These advances were evidenced by notes payable to Kellering Corporation. IKC reported net operating losses for each of these years in the following respective sums: $114,356.35, $143,822.75, and $700.73. IKC made no payments of interest or principal to Kellering Corporation in respect of the amounts advanced. Petitioners, as shareholders of IKC, deducted on their individual tax returns as their pro-rata shares of IKC's losses: Lee
Hicks
Dell
1970
$47,648.48
$47,648.48
$14,294.54
1971
47,940.92
47,940.92
43,145.82
1972
233.57
233.58
233.58
Respondent determined that petitioners' claimed deductions exceeded their adjusted bases in IKC stock and indebtedness and he disallowed such deductions accordingly. The extent to which an individual shareholder of an electing small business corporation may deduct his pro-rata *143 share of the corporation's net operating loss is set forth in section 1374(c). Subsection (2) of that provision limits the deductible portion of a shareholder's proportionate loss to (A) the adjusted basis (determined without regard to any adjustment under section 1376 for the taxable year) of the shareholder's stock in the electing small business corporation, determined as of the close of the taxable year of the corporation * * * and (B) the adjusted basis (determined without regard to any adjustment under section 1376 for the taxable year) of any indebtedness of the corporation to the shareholder, determined as of the close of the taxable year of the corporation * * *. (Emphasis added.) The question which we must resolve is whether petitioners' bases should include amounts advanced by Kellering Corporation to IKC. Unquestionably, the advances took the form of loans to IKC from Kellering Corporation and not from petitioners individually. Petitioners accept the proposition, reflected in the decided cases, that the adjusted basis in an electing corporation's indebtedness addressed *144 by section 1374(c)(2)(B) is indebtedness which runs to the electing corporation's shareholders and that borrowings from an entity in which the shareholders of the subchapter S Corporation have substantial or even identical ownership interests do not qualify. See E. J. Frankel,61 T.C. 343 (1973), affd. without opinion 506 F.2d 1051 (3d Cir. 1974); Ruth M. Prashker,59 T.C. 172 (1972); Robertson v. United States, an unreported case ( D. Nev. 1973, 32 AFTR 2d 73-5556, 73-2 USTC par. 9645); cf. Peter E. Blum,59 T.C. 436 (1972). Petitioners make no argument that Kellering Corporation acted merely as an agent or conduit and made the loans to IKC on their behalf qua loans, apparently because they believe that such an argument would be precluded by the judicial interpretation of section 1374(c)(2)(B). [3]
*145 Rather petitioners, arguing "substance over form," ask us to characterize the advances from Kellering Corporation to IKC as indirect contributions of capital to IKC from petitioners, as IKC shareholders, whose adjusted bases in IKC should be credited accordingly. Petitioners' theory requires double application of the doctrine of "substance over form"; first, viewing Kellering Corporation merely as a conduit in the transactions, and, second, finding that advances which bore significant indicia of debt were, in reality, contributions to capital. Petitioners made advances to Kellering Corporation. Subsequently, Kellering Corporation made advances to IKC in amounts less than those it received from petitioners. There is no evidence that any money advanced to Kellering Corporation was earmarked for IKC or that Kellering Corporation was in any way obligated to advance a portion thereof to IKC. In short, there is no basis upon which to conclude that Kellering Corporation was an agent or mere conduit for petitioners. In view of this conclusion, we find it unnecessary to wrestle with the debt-equity question. [4] Cf. Peter E. Blum,supra.
*146 The only other ways in which we could attribute to petitioners the amounts advanced by Kellering Corporation are by disregarding Kellering Corporation as a corporate entity or by finding that Kellering Corporation made such advances for the personal benefit of its shareholders. See Republic Supply Company,66 T.C. 446, 464 (1976). Petitioners have not made any argument in respect of the first alternative, and, judging from Kellering Corporation's tax returns that are before us, we do not see how they could have. If petitioners have advanced the second alternative, it is not well-articulated, and understandably so. To the extent that Kellering Corporation might have paid out any cash for the personal benefit of its shareholders, such shareholders would be deemed to have received constructive dividends.[5] See Rapid Electric Co.,61 T.C. 232, 238-239 (1973), and cases cited therein. However, we cannot say that the advances from Kellering Corporation to IKC were for the shareholders' benefit. Both companies were active, viable corporations. We have no explanation why petitioners advanced money only to Kellering Corporation. Similarly, we have *147 no evidence of Kellering Corporation's business relationship with IKC. For aught that appears in the record, Kellering Corporation had sound business reason for advancing moneys to IKC and the separate advances were made purposefully, be they characterized as debts or contributions of capital. In Paul G. Cornelius, Sr.,58 T.C. 417, 422 (1972), affd. 494 F. 2d 465 (5th Cir. 1974), we applied, in the context of subchapter S, the admonition articulated in A. W. Legg,57 T.C. 164, 169 (1971): "[ataxpayer] cannot elect a specific course of action and then when finding himself in an adverse situation extricate himself by applying the age-old theory of substance over form." We think this principle applies herein. There is *148 simply no basis for a holding that Kellering Corporation's advances to IKC comprised part of petitioners' respective "investments" in IKC. See William H. Perry,54 T.C. 1293, 1296 (1970), affd. F. 2d (8th Cir., May 12, 1971, 27 AFTR 2d 71-1464, 71-2 USTC par. 9502). Decisions will be entered under Rule 155. Footnotes
1. The following proceedings are consolidated herewith: James G. Hicks and Joyce E. Hicks, docket No. 260-75; and Charles H. Dell and Peggy R. Dell, docket No. 261-75.↩
2. Sec. 1371(b)↩. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable years in question.
3. Conceivably a true agency or conduit situation, e.g., a nominee, might qualify under that section as meeting the requirement that the loan run "directly from the shareholder," which is the most frequent articulation of the applicable judicial interpretation. It is clear, however, that the facts in the instant case (see p. 9, infra↩) furnish no basis for establishing any such limited standard for qualification.
4. Indeed, we think that if Kellering Corporation could be found to be a true conduit that finding might justify petitioners' position herein, irrespective of whether the advances were viewed as loans or contributions of capital to IKC. See fn. 3, supra.↩
5. Since such dividends would mean additional income for petitioners, this result would offset the benefit of any additional net operating losses to which petitioners would be entitled if their adjusted bases in IKC were increased by reason of Kellering Corporation's advances. Respondent has not raised this point.↩